UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHONSO D. STEWART,

        Petitioner,

                                CASE NO. 2:07-CV-13751
v.                                HONORABLE NANCY G. EDMUNDS

MILLICENT WARREN,

        Respondent.
                                /

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT
OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Alphonso D. Stewart ("Petitioner"), a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan, alleges that he is being held in violation of his constitutional rights because the state trial court failed to adequately consider mitigating factors in sentencing him on criminal charges. For the reasons set forth below, the Court summarily dismisses the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

I.

      On March 3, 2005, Petitioner pleaded guilty to second-degree murder and possession of a firearm during the commission of a felony in the Genesee County Circuit Court pursuant to a plea agreement in which the prosecution dismissed felony murder and armed robbery charges. Following a plea hearing, he was sentenced to concurrent terms of 20 to 40 years imprisonment

1

and two years imprisonment on March 24, 2005. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that due process entitled him to re-sentencing where the sentencing court failed to adequately consider the role of child abuse and fetal alcohol syndrome in his behavior, its effect on his mental abilities, and its mitigation of his criminal and moral culpability. The Michigan Court of Appeals dismissed the application as untimely. *See People v. Stewart*, No. 269339 (Mich. Ct. App. April 7, 2006). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, which was denied because the court was not persuaded that the question presented should be reviewed. *See People v. Stewart*, 477 Mich. 867, 721 N.W.2d 216 (2006).

Petitioner dated the instant petition on August 31, 2007. In his pleadings, Petitioner raises the same sentencing claim presented to the Michigan courts on direct appeal of his convictions.

II.

Promptly after the filing of a petition for writ of habeas corpus, a district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the fact of the petition and any exhibits attached that the petitioner is not entitled to relief in the district court...." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *see also Robinson v. Jackson*, 366 F. Supp. 2d

524, 525 (E.D. Mich. 2005).

Petitioner asserts that he is entitled to habeas relief because the trial court failed to adequately consider mitigating factors, namely his history of child abuse and fetal alcohol syndrome, at sentencing. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner has made no such showing. To the contrary, his pleadings indicate that he had an opportunity to contest the scoring of the sentencing guidelines, to present mitigating evidence, and to argue for a reduced sentence and leniency at the time of sentencing. *See* Pet. Attach. A.; Pet.'s Brf. p. 5; Appx. A. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence. Given such circumstances, habeas relief is not warranted on such a basis.

Petitioner's assertion that the trial court failed to afford him individualized and adequate consideration of mitigating evidence fails to state a claim upon which federal habeas relief can be granted. The Eighth Amendment to the United States Constitution does not require

consideration of mitigating factors at sentencing in non-capital cases. *See Engle v. United States,* 26 Fed. Appx. 394, 397 (6th Cir. 2001); *Alvarado v. Hill,* 252 F.3d 1066, 1069 (9th Cir. 2001). There is no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Because Petitioner has no constitutional right to an individualized sentence, no constitutional error occurred due to the state court's alleged failure to sufficiently consider mitigating evidence at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

Additionally, to the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). It is well-established that habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Lastly, Petitioner is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is

death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261. Petitioner was sentenced to 20 to 40 years imprisonment on his second-degree murder conviction. This sentence was within the guideline range, *see* Pet.'s Brf. p. 5, and within the statutory maximum of life imprisonment. *See* Mich. Comp. L § 750.317. The state court thus acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted.

### III.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim raised in his petition. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37. Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claim. Accordingly,

5

the Court **DENIES** a certificate of appealability.  The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because such an appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 21, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 21, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager